IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | )   Criminal Action No. 20-00018-KD |
| | ) |
| TADD S. MITCHELL, | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

This action is before the Court on Defendant Tadd S. Mitchell's request that his "Federal sentence be served concurrently with [his] state sentence" which he is presently serving (doc. 54).  Upon consideration, and for the reasons set forth herein, the request is DENIED.

Mitchell was indicted for the offenses of transporting, distributing or attempting to distribute, and possession of child pornography (Counts One, Two, and Three) (doc. 1).  At time of his federal indictment, Mitchell had been arrested on related state offenses (doc. 46, Presentence Investigation Report).  Mitchell plead guilty to Count Two.  On June 9, 2020, he was sentenced to term of sixty months (doc. 48).  His federal sentence was not imposed to serve concurrent with any yet-to-be imposed state sentence.[1]  Mitchell was returned to state custody.

At time of his federal sentencing, his state criminal actions had been waived to the Grand Jury (Id.).[2]  Mitchell was indicted for the offense of sexual abuse of a child. He was convicted at trial and sentenced to fifteen years on March 31, 2022. AlaCourt.com (viewed July 15, 2024) https://v2.alacourt.com/frmCaseDetail.

Mitchell now moves this Court to modify his federal sentence to serve concurrent with

---

[1] At sentencing the Court stated as follows: "Also, I'll note that this sentence is not to run concurrent with any conviction that he receives, if he receives any conviction in state court."

[2] Mitchell's state charges for possession of child pornography, producing child pornography, and sexual abuse of a child less than twelve were waived to the Grand Jury. https://v2.alacourt.com/frmCaseDetail.

1

his state sentence. However, the Court lacks authority to grant the relief he seeks. "[T]here is a statutory presumption that multiple terms of imprisonment imposed at different times will run consecutively unless the district court decides otherwise." United States v. Mikell, 847 Fed. Appx. 648, 653 n.5 (11th Cir. 2021); 18 U.S.C. § 3584. Here, the Court did not impose Mitchell's sentence to serve concurrently with his yet-to-be imposed state sentence. See 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.")

Additionally, the "[f]ederal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' 18 U.S.C. § 3582(c); but the rule of finality is subject to a few narrow exceptions." Freeman v. United States, 564 U.S. 522, 526, 131 S. Ct. 2685, 2689, 180 L. Ed. 2d 519 (2011), holding modified by Hughes v. United States, 138 S. Ct. 1765, 201 L. Ed. 2d 72 (2018). Section 3582(c) states that an imposed term of imprisonment may be reduced when there are "extraordinary and compelling reasons [that] warrant such a reduction" or "the defendant is at least 70 years of age" and certain factors are met. 18 U.S.C. § 3582(c)(1)(A)(i) & (ii). The Court "may modify an imposed term of imprisonment" if a statute expressly permits the modification, or by way of Rule 35 of the Federal Rules of Criminal Procedure. 18 U.S.C. § 3582(c)(1)(B). The Court may modify an imposed term of imprisonment when the defendant's "sentencing range has subsequently been lowered by the Sentencing Commission", and certain other factors are met. 18 U.S.C. § 3582(c)(2). However, Mitchell has not alleged grounds that would meet the factors of any statute or rule which provides for modification of a federal sentence.

**DONE** and **ORDERED** this 16th day of July 2024.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**